MOSS, Judge ad hoc
(dissenting).
Though having great respect for the views expressed in the majority opinion of this Court, I feel constrained to dissent from the ruling therein. As concluded in the majority opinion, the running of prescription against the lien was interrupted by the timely reinscription of the lien. It is then stated that the statute, as amended in 1938, should produce a reasonable result, and that it would be unreasonable to conclude that the right of action to enforce the lien has been prescribed, as the claimant would have a lien by timely and proper re-inscription which he could not enforce.
The amendment of 1938 was construed in Shreveport Long Leaf Lumber Co., Inc. v. Wilson et al., 195 La. 814, 197 So. 566, as affecting only the prescription against the lien authorized by the statute. In that case, an action timely filed to enforce an existing lien was later dismissed because the lien was not reinscribed within one (1) year after its original recordation.
The portion of the statute with which we are concerned provides for a lien and an ac *48 tion to enforce that lien. Specifically, it is provided that “such right of action shall prescribe within one year from the date of the recordation of the privilege in the office of the recorder of mortgages.” One may have a lien which is unenforceable because of failure to timely file an action to enforce the same. If the Legislature had intended to extend the prescription applicable to the cause of action, it could have done so as clearly as it did with respect to the lien itself.
The action in this case was not filed within the one-year period provided by the statute, and, therefore, was prescribed.
I respectfully dissent.
Rehearing denied; MOSS, J., dissents.